IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICK ECKER,<br><br>        Plaintiff,<br><br>vs.<br><br>WISCONSIN CENTRAL LTD.,<br>a corporation,<br><br>        Defendant. | FILED: MAY 20, 2008<br>08CV2913      TG<br>JUDGE GRADY<br>MAGISTRATE JUDGE DENLOW<br><br>Case No. 07-C-0371<br>Pending in the Eastern District of Wisconsin |

### DEFENDANT WISCONSIN CENTRAL, LTD.'S PETITION FOR AN ORDER COMPELLING THE KEEPER OF RECORDS AT HOEY & FARINA TO DISCLOSE RECORDS IN RESPONSE TO SUBPOENA

Defendant Wisconsin Central Ltd. ("WCL"), by its attorneys and pursuant to Fed.R.Civ.P. 37, petition the Court to enter an Order compelling the keeper of records at Hoey & Farina to disclose records in response to a subpoena served on March 24, 2008. As support for this Motion, WCL attaches hereto the Affidavit of James A. Fletcher and states as follows:

1. The action, brought by plaintiff in the Eastern District of Wisconsin pursuant to the Federal Employers' Liability Act, 45 U.S.C. §§ 51 et seq., arises out of an accident that occurred on June 21, 2005 in Wausau, Wisconsin. The plaintiff, an employee of WCL, claims to have been injured while working as a conductor in a WCL rail yard in Wausau.

2. Plaintiff has disclosed the following expert witnesses in the action pursuant to Rule 26(a)(2): Terry L. Cordray, M.S., CCM, ABVE, LPC; Malcom Cohen, Ph.D.; and Raymond A. Duffany. Mr. Cordray is a vocation rehabilitation counselor; Mr. Cohen is an economist; and Mr. Duffany is a civil engineer.

3. Plaintiff is respresented in this case by James L. Farina and his law firm, Hoey & Farina. Each of the three experts named by plaintiff in this case has been used as an expert witness in numerous prior cases by Hoey & Farina.

4. On March 24, 2008, WCL served a subpoena on the Keeper of Records at Hoey & Farina, requesting the following documents:

> (1) Documents sufficient to show the total of all amounts paid by you (or any attorney in your firm) or by or on behalf of your clients to each of the experts for each year in the last five years (2003-2007), including, but not limited to all IRS Form 1099's issued by your firm with respect to each expert.
>
> (2) For each of the experts, documents sufficient to show each lawsuit in connection with which your firm (or any attorney in your firm) has retained or utilized any services of the expert during the last five years (2003-2007).
>
> (3) Documents sufficient to show all amounts (a) billed to and (b) paid by your firm to each of the experts in connection with work done on this case.

See subpoena attached hereto as "Exhibit A".

5. On April 4, 2008, Mr. Farina filed a pleading titled "Objections by James L. Farina, Hoey & Farina, P.C. and Plaintiff Patrick Ecker to Defendant's Subpoena to Plaintiff's Attorney," which is attached hereto as "Exhibit B". In the pleading Mr. Farina objects to the subpoena on the basis that he is plaintiff's attorney and that it is inappropriate for WCL to serve a subpoena on the Keeper of Records for his firm.

6. After a phone conference on Friday, May 16, 2008 at 5:46 p.m. in which counsel for WCL, Kristin M. Liddle spoke to James L. Farina in a good faith attempt to resolve differences, the parties were unable to reach an accord. Pursuant to LR37.2 an affidavit signed by Kristin M. Liddle is attached hereto as "Exhibit C".

7.  The documents requested in the subpoena issued to the Keeper of Records are those which would show the amount of money that Hoey & Farina has paid to the disclosed experts in connection with prior cases; the amount of money that has been paid to the experts in this case; and the names of the prior cases where Hoey & Farina has used these individuals as experts.

8.  The subpoena does not make Mr. Farina a witness, as claimed in the Objections - it seeks documents for Hoey & Farina, nor does the subpoena request information that is protected by the attorney-client or work product privilege. WCL is merely requesting documents that expand on what is already discoverable information under Rule 26(a)(2), which requires that when an expert is disclosed, certain information regarding cases that an expert has testified and the expert's compensation be provided.

9.  The Seventh Circuit has not weighed in on whether a plaintiff's attorney or his law firm may be subpoenaed for documents evidencing usage of certain experts. However, courts *have* recognized that an attorney may be subpoenaed for deposition, even if he or she represents a party to the litigation in issue. *Hunt Int'l Resources Corp. v. Binstein*, 98 F.R.D. 689, 690 (N.D. Ill. 1983); see also *Marco Island Partners v. Oak Development Corp.*, 117 F.R.D. 418 (N.D.Ill. 1987); *Advance Systems, Inc. v. APV Baker PMC, Inc.*, 124 F.R.D. 200, 201 (E.D.Wis.1989). Numerous district courts within the Seventh Circuit have followed the approach outlined in *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986).[1] See e.g., *Newell v. Wisconsin Teamsters Joint Council No. 39*, 2007 WL 2874938 (E.D.Wis. 2007)(Not reported in F.Supp.2d). The court in *Shelton* addressed situations during which it is

---

[1] See *Stalling v. Union Pac. R.R. Co.*, 2004 U.S. Dist. LEXIS (N.D.Ill. 2001); *Prevue Pet Products v. Avian Adventures, Inc.*, 200 F.R.D. 413, 418-19 (N.D. Ill. 2001); *Hernandez v. Longini*, 1997 U.S. dist. LEXIS 18679 (N.D. Ill. 1997); *M&R Amusements Corp. v. Blair*, 142 F.R.D. 304 (N.D.Ill. 1992); *Harriston v. Chicago Tribune Co.*, 134 F.R.D. 232 N.D. Ill. 1990); *Joslyn Corp. v. RTE Corp.*, 1988 U.S. Dist. LEXIS 10796 (N.D.Ill. 1988).

appropriate to take opposing counsel's deposition. In this case WCL does not seek to take Mr. Farina's deposition. While WCL merely seeks to compel production of certain documents from Hoey & Farina, the case law pertaining to the subpoena for deposition of plaintiff's attorney is instructive. In *Shelton* the party seeking the deposition must show that (1) no other means exist to obtain the information than to depose counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case. *Shelton*, 805 F.2d at 1327.

10. The subpoena issued to the Keeper of Records did not request that Mr. Farina appear at deposition to testify as to amounts his firm paid to the disclosed experts. Instead, the Keeper of Records was merely asked to disclose the accounting records evidencing payments to the disclosed experts and the names of the cases in which those experts were used. The least intrusive means available has been used to obtain the requested information. Moreover, the information sought is not available from other sources. The disclosed experts have claimed not to have records that would provide the information requested.

11. The information sought is relevant and nonprivileged. The amount paid to an expert over time by an attorney is relevant because it goes to the credibility of the expert witness. If an attorney repeatedly uses the same experts the credibility of those experts is an issue. Counsel for WCL has personally been involved in a number of cases where Hoey & Farina has used these same experts. Based on experience, counsel believes that payments received from Hoey & Farina represent a significant percentage of each expert's income. Needless to say, to the extent that any of these experts relies on Hoey & Farina for a significant percentage of his income, his credibility in this case will be adversely affected. Further, the

records showing amounts paid by plaintiff's attorney to experts in this matter are not covered by the attorney-client or work product privilege.

12. The information regarding payments made to experts and cases in which experts were used is crucial to preparation of the case because it goes to the credibility of plaintiff's experts. "The importance of credibility of witnesses cannot be overstated, and this is especially true with respect to expert witnesses." *Behler v. Hanlon*, 199 F.R.D. 553, 556 (D.Md. 2001). An important method used to impeach credibility is impeachment by demonstration of bias, prejudice, interest in the litigation or motive to testify in a particular fashion. *Id at 556-557*. See also *United States v. Abel*, 469 U.S.45, 49-52 (1984) (permitting bias impeachment despite no rule of evidence specifically allowing it). "Since bias of a witness is always significant in assessing credibility, the trier of fact must sufficiently informed of the underlying relationships, circumstances, and influence operating on the witness to determine whether a modification of testimony reasonably could be expected as a probable human reaction." *Id.* at 556 citing Weinstein Treatise, § 607.04[1]. Examples of such relationships include business relationships and payment by a party such as that made to an expert witness. *Id.* The information requested in the subpoena served on the Keeper of Records will show the business relationship that plaintiff's counsel has with the expert witnesses. Because Hoey & Farina represents plaintiffs in FELA cases (and is doing so in this case), that relationship could affect the credibility of those experts and as such is discoverable evidence.

13. Finally, the information sought in the subpoena is readily available from Hoey & Farina's accounting records. Attached hereto as "Exhibit D" is a printout provided by Hoey & Farina to WCL's counsel in response to a subpoena in <u>Mulrenin v. Chicago Rail Link</u>, Case No. 05-L-014165, a case that is currently pending in Cook County.

WHEREFORE, WCL prays that the Court enter an Order compelling James L. Farina to disclose records in response to the subpoena dated March 21, 2008.

Dated: May 20, 2008

                Respectfully submitted,

                s/     James A. Fletcher
                     James A. Fletcher
                     Kristin M. Liddle
                     Fletcher & Sippel LLC
                     29 North Wacker Drive, Suite 920
                     Chicago, Illinois  60606-2832
                     Telephone:     (312) 252-1500
                     Facsimile:     (312) 252-2400

                *Attorneys for WISCONSIN CENTRAL LTD.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of May, 2008, I caused a true and correct copy of the **Defendant Wisconsin Central Ltd.'s Motion for an Order Compelling James L. Farina to Disclose Records in Response to Subpoena** to be served upon:

>James A. Farina, Esq.
>Hoey & Farina, P.C.
>542 South Dearborn Street
>Suite 200
>Chicago, IL 60605
>*jfarina@hoeyfarina.com*
>
>*Counsel for Plaintiff Patrick Ecker*

>s/   James A. Fletcher
>     James A. Fletcher

AO 88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# United States District Court
EASTERN DISTRICT OF ILLINIOS

PATRICK ECKER,
    Plaintiff,

## SUBPOENA IN A CIVIL CASE

v.

CASE NUMBER:[1] 07-CV-371

WISCONSIN CENTRAL LTD.,
    Defendant.

Pending in the Eastern District of Wisconsin

TO: Keeper of Records
c/o James L. Farina
Hoey & Farina
542 South Dearborn Street, Suite 200
Chicago, Illinois 60605

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): All of the documents described on the attached Exhibit A within your possession, custody or control.

| PLACE<br>29 North Wacker Drive, Suite 920, Chicago, IL 60606 | DATE AND TIME<br>April 7, 2008    10:00 am. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)    Date March 21, 2008

*[signature]*

Issuing Officer's Name, Address, and Phone Number
James A. Fletcher, Fletcher & Sippel LLC, 29 North Wacker Drive, Suite 920, Chicago, IL 60606-2832    312/252-1500

**EXHIBIT A**

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | March 24, 2008 | Hoey + Farina |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| James L. Farina | Hand delivery |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Ry Graves | Mr |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in Proof of Service is true and correct.

Executed on  3-24-08
          DATE

_____
SIGNATURE OF SERVER

_____
Chicago
ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) **PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

    (i) fails to allow reasonable time for compliance;

    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

    (iv) subjects a person to undue burden.

(B) If a subpoena

    (i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) **DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Hoey & Farina, P.C.
General Bank Journal
ALL DATES

| Date / Entry # | Received From/Paid To / Explanation | Matter | Client | Acct# G/L Acct | Che/Rec#/Clr/Btch Cheque | Allocated Receipt | Entry Tot | Running Bal |
|---|---|---|---|---|---|---|---|---|
| Apr 30/2004 3558 | Cavanaugh & Associates, Inc. Swan - R | 03-3084 | SWAN, ROSALIE | 2 16057 1085 Case Cost | 375.00 | | 375.00 | -375.00 |
| | Total for Apr 30/2004: | -375.00 | | | | | | |
| May 5/2004 [redacted] | Cavanaugh & Associates, Inc. Retainer Swan - R | 03-3084 | SWAN, ROSALIE | 2 16109 1085 Case Cost | 3750.00 | | 3750.00 | -4125.00 |
| | Total for May 5/2004: | -3750.00 | | | | | | |
| Jul 13/2004 5889 | Cavanaugh & Associates, Inc. BRIAN McGOWAN 2556 - R | 02-2904 | McGOWAN, BRIAN | 2 16612 1085 Case Cost | 3113.75 | | 3113.75 | -7238.75 |
| | Total for Jul 13/2004: | -3113.75 | | | | | | |
| Aug 3/2004 [redacted] | Cavanaugh & Associates, Inc. 2559/SWAN - R | 03-3084 | SWAN, ROSALIE | 2 16790 1085 Case Cost | 275.00 | | 275.00 | -7513.75 |
| | Total for Aug 3/2004: | -275.00 | | | | | | |
| Aug 10/2004 6816 | Cavanaugh & Associates, Inc. 2556/McGOWAN - R | 02-2904 | McGOWAN, BRIAN | 2 16868 1085 Case Cost | 4946.47 | | 4946.47 | -12460.22 |
| | Total for Aug 10/2004: | -4946.47 | | | | | | |
| Aug 12/2004 [redacted] | Cavanaugh & Associates, Inc. SWAN 2559 - R | 03-3084 | SWAN, ROSALIE | 2 16889 1085 Case Cost | 2709.37 | | 2709.37 | -15169.59 |
| | Total for Aug 12/2004: | -2709.37 | | | | | | |
| Sep 16/2004 7796 | Cavanaugh & Associates, Inc. Swan 2559 - R | 03-3084 | SWAN, ROSALIE | 2 17193 1085 Case Cost | 2050.00 | | 2050.00 | -17219.59 |
| | Total for Sep 16/2004: | -2050.00 | | | | | | |
| Oct 5/2004 [redacted] | Cavanaugh and Associates BRIAN McGOWAN 2556 - R | | | 2 17349 1085 Case Cost | 1300.00 | | 1300.00 | -18519.59 |
| | Total for Oct 5/2004: | -1300.00 | | | | | | |
| Nov 4/2004 9769 | CAVANAUGH AND ASSOCIATES SWAN 2559 - R | | | 2 17549 1085 Case Cost | 460.00 | | 460.00 | -18979.59 |
| | Total for Nov 4/2004: | -460.00 | | | | | | |
| Dec 7/2004 [redacted] | CAVANAUGH AND ASSOCIATES 2559/SWAN - R | | | 2 17849 1085 Case Cost | 1102.00 | | 1102.00 | -20081.59 |
| | Total for Dec 7/2004: | -1102.00 | | | | | | |
| Dec 30/2004 12873 | CAVANAUGH AND ASSOCIATES JAKOWINICZ/02-2844 | | | 2 18017 1085 Case Cost | 3500.00 | | 3500.00 | -23581.59 |
| | Total for Dec 30/2004: | -3500.00 | | | | | | |
| Feb 4/2005 [redacted] | CAVANAUGH AND ASSOCIATES JAKOWINICZ | | | 2 18321 1085 Case Cost | 5907.81 | | 5907.81 | -29489.40 |
| | Total for Feb 4/2005: | -5907.81 | | | | | | |
| May 5/2005 19413 | CAVANAUGH AND ASSOCIATES KENSINGER 2388 | | | 2 19043 1085 Case Cost | 1906.94 | | 1906.94 | -31396.34 |
| | Total for May 5/2005: | -1906.94 | | | | | | |
| May 23/2005 [redacted] | CAVANAUGH AND ASSOCIATES NORRED 99-2312 - R | | | 2 19176 1085 Case Cost | 3500.00 | | 3500.00 | -34896.34 |
| | Total for May 23/2005: | -3500.00 | | | | | | |
| Jun 7/2005 20910 | CAVANAUGH AND ASSOCIATES KENSINGER 2388 - 97=1850 | | | 2 19306 1085 Case Cost | 3786.60 | | 3786.60 | -38682.94 |
| | Total for Jun 7/2005: | -3786.60 | | | | | | |
| Sep 9/2005 [redacted] | CAVANAUGH AND ASSOCIATES NORRED 2636 | | | 2 20108 1085 Case Cost | 193.75 | | 193.75 | -38876.69 |
| | Total for Sep 9/2005: | -193.75 | | | | | | |
| Oct 11/2005 26609 | CAVANAUGH AND ASSOCIATES JAKOWINICZ/2608 - 02-2844 - | | | 2 20364 1085 Case Cost | 5486.25 | | 5486.25 | -44362.94 |
| | Total for Oct 11/2005: | -5486.25 | | | | | | |
| Oct 12/2005 [redacted] | CAVANAUGH AND ASSOCIATES NORRED 2636/99-2312 - R | | | 2 20390 1085 Case Cost | 2983.29 | | 2983.29 | -47346.23 |
| | Total for Oct 12/2005: | -2983.29 | | | | | | |
| Nov 3/2005 27840 | CAVANAUGH AND ASSOCIATES JACOWINITZ 02-2844 - R | | | 2 20606 1085 Case Cost | 621.25 | | 621.25 | -47967.48 |
| Nov 3/2005 [redacted] | CAVANAUGH AND ASSOCIATES NORRED 99-2312 - R | | | 2 20607 1085 Case Cost | 1330.00 | | 1330.00 | -49297.48 |
| | Total for Nov 3/2005: | -1951.25 | | | | | | |
| Nov 8/2005 27932 | CAVANAUGH AND ASSOCIATES 2556/McGOWAN 02-2904 - R | | | 2 20618 1085 Case Cost | 218.50 | | 218.50 | -49515.98 |
| | Total for Nov 8/2005: | -218.50 | | | | | | |
| Jan 6/2006 [redacted] | CAVANAUGH AND ASSOCIATES 2556/McGOWAN 02-2904 - R | | | 2 21154 1085 Case Cost | 650.00 | | 650.00 | -50165.98 |
| | Total for Jan 6/2006: | -650.00 | | | | | | |
| Feb 17/2006 32783 | CAVANAUGH AND ASSOCIATES SHAW 05-4249 - R | | | 2 21492 * 1085 Case Cost | 3500.00 | | 3500.00 | -53665.98 |
| | Total for Feb 17/2006: | -3500.00 | | | | | | |
| Mar 3/2006 [redacted] | CAVANAUGH AND ASSOCIATES Bodden 03-3082 - R | | | 2 21658 1085 Case Cost | 3950.00 | | 3950.00 | -57615.98 |
| | Total for Mar 3/2006: | -3950.00 | | | | | | |
| Jun 7/2006 38461 | CAVANAUGH AND ASSOCIATES Bodden 03-3082 - R | | | 2 22548 * 0002 Client D: | 347.94 | | 347.94 | -57963.92 |
| | Total for Jun 7/2006: | -347.94 | | | | | | |
| Jul 11/2006 [redacted] | CAVANAUGH AND ASSOCIATES Bodden 03-3082 - R | | | 2 22919 * 0002 Client D: | 3767.50 | | 3767.50 | -61731.42 |
| | Total for Jul 11/2006: | -3767.50 | | | | | | |
| Aug 3/2006 41479 | CAVANAUGH AND ASSOCIATES Bodden 03-3082 - R | | | 2 23109 * 0002 Client D: | 1036.62 | | 1036.62 | -62768.04 |
| | Total for Aug 3/2006: | -1036.62 | | | | | | |
| Sep 8/2006 [redacted] | CAVANAUGH AND ASSOCIATES Bodden 03-3082 - R | | | 2 23427 0002 Client D: | 2194.42 | | 2194.42 | -64962.46 |
| | Total for Sep 8/2006: | -2194.42 | | | | | | |
| Jan 5/2007 47996 | Cavanaugh & Associates, Inc. Mulrenin 04-4024 - R | 04-4024 | MULRENIN, PATRI | 2 24738 * 0002 Client D: | 3800.00 | | 3800.00 | -68762.46 |
| | Total for Jan 5/2007: | -3800.00 | | | | | | |
| Jan 9/2007 [redacted] | Cavanaugh & Associates, Inc. Swan 2559/03-3084 - R | 03-3084 | SWAN, ROSALIE | 2 24773 0002 Client D: | 1444.90 | | 1444.90 | -70207.36 |
| | Total for Jan 9/2007: | -1444.90 | | | | | | |
| Feb 9/2007 49582 | Cavanaugh & Associates, Inc. 2686 Shaw 05-4249 - R | 05-4249 | SHAW, ERNIE | 2 25148 * 0002 Client D: | | | | |

Hoey & Farina, P.C.
General Bank Journal
ALL DATES

| Date Entry # | Received From/Paid To Explanation | Matter | Client | Acct# G/L Acct | Che/Rec#/Clr/Btch | Allocated Cheque | Receipt | Entry Tot | Running Bal |
|---|---|---|---|---|---|---|---|---|---|
| | Total for Feb 9/2007: | -2992.50 | | | | | | | |
| Apr 10/2007 | Cavanaugh & Associates, Inc. | | | | | | | | |
| 51106 | Swan 03-3084 - R | 03-3084 | SWAN, ROSALIE | 2 25791 | 0002 Client D: | 2552.75 | | 2552.75 | -75752.61 |
| | Total for Apr 10/2007: | -2552.75 | | | | | | | |
| Apr 18/2007 | Cavanaugh & Associates, Inc. | | | | | | | | |
| 51860 | 2692 Bodden 03-3082 - R | 03-3082 | BODDEN, THOMAS | 2 25850 | 0002 Client D: | 1812.78 | | 1812.78 | -77565.39 |
| | Total for Apr 18/2007: | -1812.78 | | | | | | | |
| May 7/2007 | Cavanaugh & Associates, Inc. | | | | | | | | |
| 52362 | Bodden 03-3082 - #2692 R | 03-3082 | BODDEN, THOMAS | 2 26021 | 0002 Client D: | 4333.77 | | 4333.77 | -81899.16 |
| | Total for May 7/2007: | -4333.77 | | | | | | | |
| May 9/2007 | Cavanaugh & Associates, Inc. | | | | | | | | |
| 52509 | 2686 E. Shaw | 05-4249 | SHAW, ERNIE | 2 26067 | 0002 Client D: | 2100.00 | | 2100.00 | -83999.16 |
| | Total for May 9/2007: | -2100.00 | | | | | | | |
| Jun 7/2007 | Cavanaugh & Associates, Inc. | | | | | | | | |
| 53169 | Bodden 2692 - NR | 03-3082 | BODDEN, THOMAS | 2 26246 | 0002 Client D: | 2063.87 | | 2063.87 | -86063.03 |
| | Total for Jun 7/2007: | -2063.87 | | | | | | | |
| Jun 8/2007 | Cavanaugh & Associates, Inc. | | | | | | | | |
| 53534 | Swan 03-3084 - #2559 - R | 03-3084 | SWAN, ROSALIE | 2 26363 | 0002 Client D: | 7048.74 | | 7048.74 | -93111.77 |
| | Total for Jun 8/2007: | -7048.74 | | | | | | | |
| Jun 11/2007 | Cavanaugh & Associates, Inc. | | | | | | | | |
| 53591 | Mulrenin 04-4024 R | 04-4024 | MULRENIN, PATRI | 2 26380 | 0002 Client D: | 822.94 | | 822.94 | -93934.71 |
| | Total for Jun 11/2007: | -822.94 | | | | | | | |
| Jul 10/2007 | Cavanaugh & Associates, Inc. | | | | | | | | |
| 54535 | Swan 03-3084 - R | 03-3084 | SWAN, ROSALIE | 2 26676 | 0002 Client D: | 4805.94 | | 4805.94 | -98740.65 |
| | Total for Jul 10/2007: | -4805.94 | | | | | | | |
| Jul 11/2007 | Cavanaugh & Associates, Inc. | | | | | | | | |
| 54655 | Mulrenin #2753 - 04-4024 R | 04-4024 | MULRENIN, PATRI | 2 26706 | 0002 Client D: | 722.00 | | 722.00 | -99462.65 |
| | Total for Jul 11/2007: | -722.00 | | | | | | | |
| Aug 9/2007 | Cavanaugh & Associates, Inc. | | | | | | | | |
| 55577 | Mulrenin #2753 - 04-4024 - R | 04-4024 | MULRENIN, PATRI | 2 27019 | 0002 Client D: | 3238.31 | | 3238.31 | -102700.96 |
| | Total for Aug 9/2007: | -3238.31 | | | | | | | |
| Oct 2/2007 | Cavanaugh & Associates, Inc. | | | | | | | | |
| 57106 | Jones 06-4309 R | 06-4309 | JONES, ANTHONY | 2 27801 | 0002 Client D: | 3800.00 | | 3800.00 | -106500.96 |
| | Total for Oct 2/2007: | -3800.00 | | | | | | | |
| Nov 6/2007 | Cavanaugh & Associates, Inc. | | | | | | | | |
| 58943 | Mulrenin 04-4024 - #2753 | 04-4024 | MULRENIN, PATRI | 2 28008 | 0002 Client D: | 590.00 | | 590.00 | -107090.96 |
| | Total for Nov 6/2007: | -590.00 | | | | | | | |

*** Bank Account Summary ***

| Bank Account | Open Bal | Check Tot | Rcpt Tot | Balance |
|---|---|---|---|---|
| 2 - Heritage - Case Cost | 0.00 | 107090.96 | 0.00 | -107090.96 |

*** G/L Account Summary ***

| G/L Account | | Debit | Credit |
|---|---|---|---|
| 1038 | - Heritage - Case Cost | 0.00 | 107090.96 |
| 1085 | - Case Cost Advances | 57615.98 | 0.00 |
| 0002 | - Client Disbursements | 49474.98 | 0.00 |
| Total: | | 107090.96 | 107090.96 |

REPORT SELECTIONS - General Bank Journal

| | |
|---|---|
| Layout Template | Default |
| Requested by | ADMIN |
| Finished | Tuesday, November 27, 2007 at 03:46:44 PM |
| Ver | 8.10b |
| Date Range | ALL DATES |
| Matters | All |
| Clients | All |
| Major Clients | All |
| Client Intro Lawyer | All |
| Responsible Lawyer | All |
| Assigned Lawyer | All |
| Type of Law | All |
| Select From | Active, Inactive, Archived Matters |
| Account | 2 - Heritage - Case Cost |
| Check/Receipt # | All |
| G/L Account | All G/L Accounts |
| Receipt/Disb | All |
| Received From/Paid To | Cavanaugh |
| Sort by | Date |
| Include Corrected Entries | No |
| Include Daily totals | Yes |
| Totals Only | No |
| G/L Acct. Summary | Yes |
| Summary by Resp Lawyer | No |

)                                    )

**EXHIBIT A**

**DEFINITIONS**

1. As used herein, the word "documents" means any writing, graphic matter and/or other object and/or tangible thing whether written, printed, produced by hand, recorded, produced by photographic or made tangible by any other process and any electronic or computer data stored on a hard drive, server, disc, CD Rom or other storage device.

2. As used herein, the term "experts" means Terry Cordray; Rehabilitation Expertise LLC; Malcolm Cohen; Employment Research Corporation; and Raymond Duffany.

**DOCUMENTS TO BE PRODUCED**

1. Documents sufficient to show the total of all amounts paid by you (or any attorney in your firm) or by or on behalf of your clients to each of the experts for each year in the last five years (2003-2007), including, but not limited to all IRS Form 1099's issued by your firm with respect to each expert.

2. For each of the experts, documents sufficient to show each lawsuit in connection with which your firm (or any attorney in your firm) has retained or utilized any services of the expert during the last five years (2003-2007).

3. Documents sufficient to show all amounts (a) billed to and (b) paid by your firm to each of the experts in connection with work done on this case.

FLETCHER & SIPPEL, LLC  
ATTORNEYS AT LAW  
29 N. WACKER DR., STE. 920  
CHICAGO, IL 60606-2832

HARRIS TRUST AND SAVINGS BANK  
CHICAGO, IL 60603  
2-2566/710

7074

3/21/08

PAY TO THE ORDER OF: Hoey + Farina          $ 45.00

Forty-five and 00/100 DOLLARS

⑆007074⑆ ⑈071025661⑈ 4801108210⑈

FLETCHER & SIPPEL, LLC / ATTORNEYS AT LAW          7074

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

PATRICK ECKER,            )
                          )
           Plaintiff,     )
                          )
v.                        )   No.  07-CV-371
                          )
WISCONSIN CENTRAL, LTD.   )   Judge William C. Griesbach
                          )
           Defendant.     )

08CV2913      TG
JUDGE GRADY
MAGISTRATE JUDGE DENLOW

### OBJECTIONS BY JAMES L. FARINA, HOEY & FARINA, P.C. AND PLAINTIFF PATRICK ECKER TO DEFENDANT'S SUBPOENA TO PLAINTIFF'S ATTORNEY

Now come James L. Farina, Hoey & Farina and Plaintiff, Patrick Ecker, and for their objections to Defendant's Subpoena to Plaintiff's attorneys, James L. Farina and Hoey & Farina, P.C., state as follows:

1. Defendant, Wisconsin Central, Ltd. has caused to be served a subpoena on James L. Farina, and Hoey & Farina, P.C., counsel for Plaintiff, Patrick Ecker, requesting the following information:

   1. Documents sufficient to show the total of all amounts paid by you (or any attorney in your firm) or by or on behalf of your clients to each of the experts for each year in the last five years (2003-2007), including, but not limited to all IRS Form 1099's issued by your firm with respect to each expert.

   2. For each of the experts, documents sufficient to show each lawsuit in connection with which your firm (or any attorney in your firm) has retained or utilized any services of the expert during the last five years (2003 – 2007).

   3. Documents sufficient to show all amounts (a) billed to and (b) paid by your firm to each of the experts in connection with work done on this case.

   2. Serving Plaintiff's own attorney with a subpoena is so extraordinary that Plaintiff can find no case law which supports Defendant's actions in any civil action, prejudgment.


EXHIBIT B

3. Plaintiff, Patrick Ecker, James L. Farina, and Hoey & Farina, object to the subpoena in that it necessarily converts Plaintiff's own attorneys into witnesses in this case. Explanation of records relating to payments made to the Plaintiff's expert witnesses in other cases would be necessary to explain methods of accounting that do not differentiate between expert witness fees, recoverable expenses, or expenses or fees for depositions subsequently repaid by Defendants.

4. The subpoena served on counsel for Plaintiff blurs the distinction between advocate and witness, a complication which is not necessary to because Rule 26(a)(2)(B) already requires experts to provide a list of cases where depositions or trial testimony has been given, and the fees charged for the experts' services. Accordingly, Plaintiff and counsel for Plaintiff believe the subpoena is completely inappropriate and objectionable, and seek an order quashing the subpoena, and providing any guidance this Honorable Court deems appropriate in this novel situation.

Respectfully submitted,

Patrick Ecker, Plaintiff

By: /s/James L. Farina
James L. Farina
Hoey & Farina
542 South Dearborn, Suite 200
Chicago, IL 60605
312/939-1212

## CERTIFICATE OF SERVICE

James L. Farina, an attorney, certifies that he served a copy of the foregoing Objections by James L. Farina, Hoey & Farina, P.C. and Plaintiff, Patrick Ecker to Defendant's Subpoena to Plaintiff's Attorney upon the attorneys listed below by e-filing a copy with the United States District Court for the Eastern District of Wisconsin on April 4, 2008 and by U.S. Mail, from 542 South Dearborn Street, Chicago, IL.

> James A. Fletcher
> Kristin M. Liddle
> Fletcher & Sippel, LLC
> 29 North Wacker Drive
> Suite 920
> Chicago, IL 60606-2875

> /s/James L. Farina
> James L. Farina

James L. Farina
HOEY & FARINA
542 S. Dearborn, Ste. 200
Chicago, IL 60605
(312) 939-1212

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK ECKER, | ) | 08CV2913         TG |
| | ) | JUDGE GRADY |
| Plaintiff, | ) | MAGISTRATE JUDGE DENLOW |
| | ) | |
| vs. | ) | Case No. 07-C-0371 |
| | ) | Pending in the Eastern District of Wisconsin |
| WISCONSIN CENTRAL LTD., | ) | |
| a corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### STATEMENT PURSUANT TO CIVIL L.R. 37.2

Kristin M. Liddle, one of the attorneys for defendant Wisconsin Central Ltd., states that on Friday, May 16, 2008 at approximately 5:46 p.m., she spoke by telephone with James L. Farina, counsel for plaintiff concerning the subject of this motion. They were unable to resolve differences, despite sincere attempts to do so.

_____
Kristin M. Liddle
Fletcher & Sippel LLC
29 North Wacker Drive, Suite 920
Chicago, Illinois  60606-2832
Telephone:   (312) 252-1500
Facsimile:    (312) 252-2400

*Attorneys for WISCONSIN CENTRAL LTD.*


EXHIBIT C

```
Date         Received From/Paid To                            Acct#    Che/Rec#/Clr/Btch    Allocated
   Entry #   Explanation              Matter       Client     G/L Acct                   Cheque    Receipt   Entry Tot   Running Bal

Apr 30/2004  Cavanaugh & Associates, Inc.                        2     16057
    3558     Swan - R                 03-3084   SWAN, ROSALIE  1085 Case Cost            375.00                 375.00      -375.00
             Total for Apr 30/2004:    -375.00
May  5/2004  Cavanaugh & Associates, Inc.                        2     16109
    3717     Retainer Swan - R        03-3084   SWAN, ROSALIE  1085 Case Cost           3750.00                3750.00     -4125.00
             Total for May  5/2004:   -3750.00
Jul 13/2004  Cavanaugh & Associates, Inc.                        2     16612
    5889     BRIAN McGOWAN 2556 - R   02-2904   McGOWAN, BRIAN 1085 Case Cost           3113.75                3113.75     -7238.75
             Total for Jul 13/2004:   -3113.75
Aug  3/2004  Cavanaugh & Associates, Inc.                        2     16798
    12511    2559/SWAN - R            03-3084   SWAN, ROSALIE  1085 Case Cost            275.00                 275.00     -7513.75
             Total for Aug  3/2004:    -275.00
Aug 10/2004  Cavanaugh & Associates, Inc.                        2     16868
    6816     2556/McGOWAN - R         02-2904   McGOWAN, BRIAN 1085 Case Cost           4946.47                4946.47    -12460.22
             Total for Aug 10/2004:   -4946.47
Aug 12/2004  Cavanaugh & Associates, Inc.                        2     16889
    6875     SWAN 2559 - R            03-3084   SWAN, ROSALIE  1085 Case Cost           2709.37                2709.37    -15169.59
             Total for Aug 12/2004:   -2709.37
Sep 16/2004  Cavanaugh & Associates, Inc.                        2     17193
    7796     Swan 2559 - R            03-3084   SWAN, ROSALIE  1085 Case Cost           2050.00                2050.00    -17219.59
             Total for Sep 16/2004:   -2050.00
Oct  5/2004  CAVANAUGH AND ASSOCIATES                             2     17349
    8541     BRIAN McGOWAN 2556 - R                             1085 Case Cost           1300.00                1300.00    -18519.59
             Total for Oct  5/2004:   -1300.00
Nov  4/2004  CAVANAUGH AND ASSOCIATES                             2     17549
    9769     SWAN 2559 - R                                      1085 Case Cost            460.00                 460.00    -18979.59
             Total for Nov  4/2004:    -460.00
Dec  7/2004  CAVANAUGH AND ASSOCIATES                             2     17849
    14605    2559/SWAN - R                                      1085 Case Cost           1102.00                1102.00    -20081.59
             Total for Dec  7/2004:   -1102.00
Dec 30/2004  CAVANAUGH AND ASSOCIATES                             2     18017
    12873    JAKOWINICZ/02-2844                                 1085 Case Cost           3500.00                3500.00    -23581.59
             Total for Dec 30/2004:   -3500.00
Feb  4/2005  CAVANAUGH AND ASSOCIATES                             2     18321
    15408    JAKOWINITZ                                         1085 Case Cost           5907.81                5907.81    -29489.40
             Total for Feb  4/2005:   -5907.81
May  5/2005  CAVANAUGH AND ASSOCIATES                             2     19043
    19413    KENSINGER 2388                                     1085 Case Cost           1906.94                1906.94    -31396.34
             Total for May  5/2005:   -1906.94
May 23/2005  CAVANAUGH AND ASSOCIATES                             2     19176
    20155    NORRED 99-2312 - R                                 1085 Case Cost           3500.00                3500.00    -34896.34
             Total for May 23/2005:   -3500.00
Jun  7/2005  CAVANAUGH AND ASSOCIATES                             2     19306
    20910    KENSINGER 2388 - 97=1850                           1085 Case Cost           3786.60                3786.60    -38682.94
             Total for Jun  7/2005:   -3786.60
Sep  9/2005  CAVANAUGH AND ASSOCIATES                             2     20108
    22497    NORRED 2636                                        1085 Case Cost            193.75                 193.75    -38876.69
             Total for Sep  9/2005:    -193.75
Oct 11/2005  CAVANAUGH AND ASSOCIATES                             2     20364
    26609    JAKOWINICZ/2608 - 02-2844 -                        1085 Case Cost           5486.25                5486.25    -44362.94
             Total for Oct 11/2005:   -5486.25
Oct 12/2005  CAVANAUGH AND ASSOCIATES                             2     20390
    26710    NORRED 2636/99-2312 - R                            1085 Case Cost           2983.29                2983.29    -47346.23
             Total for Oct 12/2005:   -2983.29
Nov  3/2005  CAVANAUGH AND ASSOCIATES                             2     20606
    27840    JACOWINITZ 02-2844 - R                             1085 Case Cost            621.25                 621.25    -47967.48
Nov  3/2005  CAVANAUGH AND ASSOCIATES                             2     20607
    27843    NORRED 99-2312 - R                                 1085 Case Cost           1330.00                1330.00    -49297.48
             Total for Nov  3/2005:   -1951.25
Nov  8/2005  CAVANAUGH AND ASSOCIATES                             2     20618
    27932    2556/McGOWAN 02-2904 - R                           1085 Case Cost            218.50                 218.50    -49515.98
             Total for Nov  8/2005:    -218.50
Jan  6/2006  CAVANAUGH AND ASSOCIATES                             2     21154
    30691    2556 MCGOWAN 02-2904 - R                           1085 Case Cost            650.00                 650.00    -50165.98
             Total for Jan  6/2006:    -650.00
Feb 17/2006  CAVANAUGH AND ASSOCIATES                             2     21492 *
    32783    SHAW 05-4249 - R                                   1085 Case Cost           3500.00                3500.00    -53665.98
             Total for Feb 17/2006:   -3500.00
Mar  3/2006  CAVANAUGH AND ASSOCIATES                             2     21658 *
    33579    Bodden 03-3082 - R                                 1085 Case Cost           3950.00                3950.00    -57615.98
             Total for Mar  3/2006:   -3950.00
Jun  7/2006  CAVANAUGH AND ASSOCIATES                             2     22548 *
    38461    Bodden 03-3082 - R                                 0002 Client D:            347.94                 347.94    -57963.92
             Total for Jun  7/2006:    -347.94
Jul 11/2006  CAVANAUGH AND ASSOCIATES                             2     22849 *
    39988    Bodden 03-3082 - R                                 0002 Client D:           3767.50                3767.50    -61731.42
             Total for Jul 11/2006:   -3767.50
Aug  3/2006  CAVANAUGH AND ASSOCIATES                             2     23109 *
    41479    Bodden 03-3082 - R                                 0002 Client D:           1036.62                1036.62    -62768.04
             Total for Aug  3/2006:   -1036.62
Sep  8/2006  CAVANAUGH AND ASSOCIATES                             2     23427 *
    43118    Bodden 03-3082 - R                                 0002 Client D:           2194.42                2194.42    -64962.46
             Total for Sep  8/2006:   -2194.42
Jan  5/2007  Cavanaugh & Associates, Inc.                        2     24738 *
    47996    Mulrenin 04-4024 - R     04-4024   MULRENIN, PATRI 0002 Client D:           3800.00                3800.00    -68762.46
             Total for Jan  5/2007:   -3800.00
Jan  9/2007  Cavanaugh & Associates, Inc.                        2     24773 *
    48092    Swan 2559 03-3084 - R    03-3084   SWAN, ROSALIE  0002 Client D:           1444.90                1444.90    -70207.36
             Total for Jan  9/2007:   -1444.90
Feb  9/2007  Cavanaugh & Associates, Inc.                        2     25148 *
    49582    2686 Shaw 05-4249 - R    05-4249   SHAW, ERNIE    0002 Client D:           2992.50                2992.50    -73199.86
```

EXHIBIT D

| Date Entry # | Received From/Paid To Explanation | Matter | Client | Acct# G/L Acct | Che/Rec#/Clr/Btch | Allocated Cheque | Receipt | Entry Tot | Running Bal |
|---|---|---|---|---|---|---|---|---|---|
| | Total for Feb 9/2007: | -2992.50 | | | | | | | |
| Apr 10/2007 51706 | Cavanaugh & Associates, Inc. 2559 Swan 03-3084 - R | 03-3084 | SWAN, ROSALIE | 2 0002 | 25784 * Client D: | 2552.75 | | 2552.75 | -75752.61 |
| | Total for Apr 10/2007: | -2552.75 | | | | | | | |
| Apr 18/2007 51860 | Cavanaugh & Associates, Inc. 2692 Bodden 03-3082 - R | 03-3082 | BODDEN, THOMAS | 2 0002 | 25850 * Client D: | 1812.78 | | 1812.78 | -77565.39 |
| | Total for Apr 18/2007: | -1812.78 | | | | | | | |
| May 7/2007 52382 | Cavanaugh & Associates, Inc. Bodden 03-3082 - #2692 - R | 03-3082 | BODDEN, THOMAS | 2 0002 | 26027 * Client D: | 4333.77 | | 4333.77 | -81899.16 |
| | Total for May 7/2007: | -4333.77 | | | | | | | |
| May 9/2007 52509 | Cavanaugh & Associates, Inc. 2686 E. Shaw | 05-4249 | SHAW, ERNIE | 2 0002 | 26067 * Client D: | 2100.00 | | 2100.00 | -83999.16 |
| | Total for May 9/2007: | -2100.00 | | | | | | | |
| Jun 7/2007 53489 | Cavanaugh & Associates, Inc. Bodden 2692 - NR (Case Se | 03-3082 | BODDEN, THOMAS | 2 0002 | 26346 * Client D: | 2063.87 | | 2063.87 | -86063.03 |
| | Total for Jun 7/2007: | -2063.87 | | | | | | | |
| Jun 8/2007 53534 | Cavanaugh & Associates, Inc. Swan 03-3084 - #2559 - R | 03-3084 | SWAN, ROSALIE | 2 0002 | 26363 * Client D: | 7048.74 | | 7048.74 | -93111.77 |
| | Total for Jun 8/2007: | -7048.74 | | | | | | | |
| Jun 11/2007 53591 | Cavanaugh & Associates, Inc. Mulrenin 04-4024 - R | 04-4024 | MULRENIN, PATRI | 2 0002 | 26388 * Client D: | 822.94 | | 822.94 | -93934.71 |
| | Total for Jun 11/2007: | -822.94 | | | | | | | |
| Jul 10/2007 54535 | Cavanaugh & Associates, Inc. Swan 03-3084 - R | 03-3084 | SWAN, ROSALIE | 2 0002 | 26676 * Client D: | 4805.94 | | 4805.94 | -98740.65 |
| | Total for Jul 10/2007: | -4805.94 | | | | | | | |
| Jul 11/2007 54635 | Cavanaugh & Associates, Inc. Mulrenin #2753 - 04-4024 - R | 04-4024 | MULRENIN, PATRI | 2 0002 | 26706 * Client D: | 722.00 | | 722.00 | -99462.65 |
| | Total for Jul 11/2007: | -722.00 | | | | | | | |
| Aug 9/2007 55577 | Cavanaugh & Associates, Inc. Mulrenin #2753 - 04-4024 - R | 04-4024 | MULRENIN, PATRI | 2 0002 | 27019 * Client D: | 3238.31 | | 3238.31 | -102700.96 |
| | Total for Aug 9/2007: | -3238.31 | | | | | | | |
| Oct 2/2007 57406 | Cavanaugh & Associates, Inc. Jones 06-4309 - R | 06-4309 | Jones, Anthony | 2 0002 | 27589 * Client D: | 3800.00 | | 3800.00 | -106500.96 |
| | Total for Oct 2/2007: | -3800.00 | | | | | | | |
| Nov 6/2007 58943 | Cavanaugh & Associates, Inc. Mulrenin 04-4024 - #2753 - | 04-4024 | MULRENIN, PATRI | 2 0002 | 28008 Client D: | 590.00 | | 590.00 | -107090.96 |
| | Total for Nov 6/2007: | -590.00 | | | | | | | |

*** Bank Account Summary ***

| Bank Account | Open Bal | Check Tot | Rcpt Tot | Balance |
|---|---|---|---|---|
| 2 - Heritage - Case Cost | 0.00 | 107090.96 | 0.00 | -107090.96 |

*** G/L Account Summary ***

| G/L Account | | Debit | Credit |
|---|---|---|---|
| 1038 | - Heritage - Case Cost | 0.00 | 107090.96 |
| 1085 | - Case Cost Advances | 57615.98 | 0.00 |
| 0002 | - Client Disbursements | 49474.98 | 0.00 |
| Total: | | 107090.96 | 107090.96 |

```
REPORT SELECTIONS - General Bank Journal
Layout Template                      Default
Requested by                         ADMIN
Finished                             Tuesday, November 27, 2007 at 03:46:44 PM
Ver                                  8.10b
Date Range                           ALL DATES
Matters                              All
Clients                              All
Major Clients                        All
Client Intro Lawyer                  All
Responsible Lawyer                   All
Assigned Lawyer                      All
Type of Law                          All
Select From                          Active, Inactive, Archived Matters
Account                              2 - Heritage - Case Cost
Check/Receipt #                      All
G/L Account                          All G/L Accounts
Receipt/Disb                         All
Received From/Paid To                Cavanaugh
Sort by                              Date
Include Corrected Entries            No
Include Daily totals                 Yes
Totals Only                          No
G/L Acct. Summary                    Yes
Summary by Resp Lawyer               No
```