IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Patrick Ecker, | ) | |
| | ) | |
| Plaintiff | ) | Case No.: 08 CV 2913 |
| | ) | |
| v. | ) | Judge John F. Grady |
| | ) | |
| Wisconsin Central, Ltd. | ) | |
| | ) | |
| Defendant. | ) | |

### Motion to Transfer Wisconsin Central's Petition to Compel

Hoey & Farina respectfully submits the following as its motion to transfer – to the U.S. District Court for the Eastern District of Wisconsin, Green Bay Division – the motion to compel that Wisconsin Central filed in the Northern District of Illinois. In support of this motion, Hoey & Farina relies on the following grounds:

1. Hoey & Farina is a law firm headquartered in Chicago, Illinois, that is representing Patrick Ecker in a personal injury claim against Wisconsin Central, pending in the U.S. District Court for the Eastern District of Wisconsin, Green Bay Division, pursuant to the Federal Employers' Liability Act. *45 U.S.C. § 51 et seq*.

2. Wisconsin Central served a subpoena on Hoey & Farina for financial and other records concerning the experts who were retained to provide opinions about Mr. Ecker's F.E.L.A. claim.

3. Hoey & Farina objected to this subpoena, and Wisconsin Central filed a petition to compel in the U.S. District Court for the Northern District of Illinois.

4. Subpoenaing documents from Plaintiff's counsel is extraordinary and, as the District Court noted in *Cary Oil Company v. MG Refining & Marketing*, 257 F.Supp. 751 (S.D.N.Y., 2003),

> "in a complex litigation such as the one at hand, involving many expert witnesses, the Court is concerned that **such disclosure requests could be abused by either party in an effort to harass both the other party by requiring significant document production and such party's expert witnesses by 'rummaging through their personal and financial records under the guise of seeking impeachment evidence.'** *Wrobleski v. de Lara,* 353 Md. 509, 727 A.2d 930, 938 (1999). As a result, the Court agrees with *Wrobleski,* which asserted that **such inquiries, 'both at the discovery and trial stages, should be tightly controlled by the trial court and limited to its purpose.'**

*Cary Oil Company v. MG Refining & Marketing*, 257 F.Supp. at 757 (emphasis added).

5. Similarly, "both at the **discovery** and trial stages," the scope of the subpoena that Wisconsin Central served on Hoey & Farina, **"should be tightly controlled by the trial court and limited to its purpose**.' *Id.* (emphasis added).

6. The U.S. District Court in Wisconsin has personal jurisdiction over Hoey & Farina, Wisconsin Central and Mr. Ecker.

7. Moreover, the U.S. District Court for the Northern District of Illinois has authority to transfer Wisconsin Central's petition to the District Court in Wisconsin, so that the Judge who is presiding over the personal injury claim can keep the required tight

control over Wisconsin Central's discovery requests. See e.g., *Pactel Personal Communications v. JMB Realty*, 133 F.R.D. 137 (1990).

8.      In *Pactel*, the underlying action was pending in the U.S. District Court for the Northern District of Georgia, and the plaintiff filed a motion – in the Eastern District of Missouri – seeking an order compelling non-parties to provide documents pursuant to subpoena. *Pactel*, 133 F.R.D. at 137-38. The non-parties requested that the District Judge in Missouri transfer the motion-to-compel to Georgia. *Pactel*, 133 F.R.D. at 138. Granting the motion to transfer the motion-to-compel, the District Judge in Missouri explained:

> "The initial issue to be resolved by this Court, however, is whether to retain jurisdiction and rule on the motions, or whether to transfer them to the Northern District of Georgia, where the actions are pending. **The non-parties move this Court to transfer, based on Fed.R.Civ.P. 26(c)**. **The plaintiff** does not oppose transfer of the motions for protective order, but **claims this Court is required to rule on its motion to compel, pursuant to Fed.R.Civ.P. 45(d)(1).**
>
> "According to Rule 26(c), 'on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires.' The non-parties claim that this rule empowers the Court to transfer the discovery motions to the court where the main action is pending. However, plaintiff relies on Rule 45(d)(1), which provides that if an objection is made to a subpoena, 'the party serving the subpoena shall

3

not be entitled to inspect and copy the materials except pursuant to an order of the court from which the subpoena was issued.' Plaintiff claims this rule controls, and that this Court is mandated to rule on its motion to compel. Another rule which is relevant here is Rule 37(a)(1), which deals with motions to compel. The relevant language is as follows: 'An application for an order (compelling discovery) to a deponent who is not a party shall be made to the court in the district where the deposition is being taken.'

"The Court has found few cases to provide it direction in this situation. However, from the few which the Court has reviewed, **the Court has determined that pursuant to the power granted in Rule 26(c), it can issue an order transferring the discovery to the Atlanta court**."

*Pactel*, 133 F.R.D. at 138 (emphasis added).

9.  "Furthermore," *Pactel* continued, "the Court finds that the issues would best be decided by the Atlanta court, which is familiar with the facts of this and the related case, and the posture of the parties." *Pactel*, 133 F.R.D. at 139.

10. Similarly, the issues presented by Wisconsin Central's motion to compel "would best be decided by the [Wisconsin] court, which is familiar with the facts of this . . . case, and the posture of the parties." *Id*.

Wherefore, Hoey & Farina requests that the Court transfer Wisconsin Central's motion to compel to the U.S. District Court for the Eastern District of Wisconsin, Green Bay Division.

Respectfully submitted,

Patrick Ecker, Plaintiff

By: /s/James L. Farina
James L. Farina
Hoey & Farina
542 South Dearborn, Suite 200
Chicago, IL  60605
312/939-1212
312/939-7842
JFarina@hoeyfarina.com

5